**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY, | : | Case No. 3:24-cv-00046 |
| | : | |
| | : | District Judge Michael J. Newman |
| Plaintiff, | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| vs. | : | |
| | : | |
| NEW BUCK CORPORATION, *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

## DECISION AND ORDER

---

Shortly after Plaintiff filed its Complaint in this matter on February 18, 2024 (Doc. No. 1), the Clerk issued summons as to all four Defendants. (Doc. No. 3.) Rather than serve the summons, Plaintiff asked Defendants to waive service. Defendant New Buck agreed to waive service and Plaintiff filed the executed waiver on the docket. (Doc. No. 5.) The remaining Defendants did not agree to waive service. Nevertheless, Plaintiff did not timely serve the summons and complaint upon Defendant Chimney Solutions, LLC, Defendant Kevin Brock, or Defendant Brock Air Products, Inc. *See* Fed. R. Civ. P. 4(m).

Accordingly, the Court ordered Plaintiff to show cause why its claims against these three Defendants should not be dismissed without prejudice for failure to effectuate timely service. (Doc. No. 11.) Plaintiff filed a response captioned "Good Cause Showing; Motion to Extend Time Period for Effectuating Service of Process; Motion for Order Directing Issuance of Service of Process." ("Response," Doc. No. 12.) In its Response, Plaintiff has requested an additional four-month period to effectuate service.

1

**A.     Defendant Chimney Solutions**

Plaintiff's counsel, Attorney Leslie E. Wargo, states in her Affidavit that on February 27, 2024, she sent a request for waiver of service via UPS to the business address of Defendant Chimney Solutions. (Doc. No. 12-1, PageID 61-62.) On March 11, after three failed attempts at delivery, UPS returned those documents to Attorney Wargo. (*Id.* at PageID 62, 65.) On March 18, Attorney Wargo sent a request for waiver of service to Defendant Chimney Solution's statutory agent as registered with the Ohio Secretary of State. (*Id.* at PageID 62.) These documents were also returned to sender, with the notation "box closed." (*Id.*) Finally, Plaintiff retained the services of a private process server, which "after diligent attempts" was also unable to deliver the request for waiver of service to Defendant Chimney Solutions. (*Id.*)

The Court finds that Plaintiff made "a reasonable, diligent effort to timely effect service of process" on Defendant Chimney Solutions. *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021) (defining "good cause" (internal quotations omitted)). Therefore, based upon Plaintiff's showing of good cause, the Court will grant Plaintiff's request for an additional four months to perfect service on Defendant Chimney Solutions.

**B.     Defendants Kevin Brock and Brock Air Products**

Attorney Wargo similarly sent requests for waivers of service to Defendants Kevin Brock and Brock Air Products on February 27, 2024. (Doc. No. 12-1, PageID 61.) On March 6, an individual identified as "Christopher from Brock Air Products" contacted Attorney Wargo to express his belief that these Defendants were not proper parties to this

suit. (*Id*. at PageID 61-62.) These Defendants did not execute waivers of service. (*Id*. at PageID 62.) Plaintiff apparently made no further efforts to serve them.

The Court finds that Plaintiff's single attempt to obtain waivers of service from Defendants Kevin Brock and Brock Air Products is insufficient to show good cause under Rule 4(m). Plaintiff's failure to take any further action to serve these Defendants was neither reasonable nor diligent.

Nevertheless, even "absent a finding of good cause, the [C]ourt retains discretion as to whether or not to extend [the] timeframe [for service]." *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022). Furthermore, the federal courts strongly prefer that, when possible, claims be decided on their merits rather than on technical deficiencies. *E.g.*, *Chi. Ins. Co. v. Capwill*, 514 F. App'x 575, 576 (6th Cir. 2013). Accordingly, the Court will also grant Plaintiff additional time to perfect service on Defendants Kevin Brock and Brock Air Products.

### C.     Service by Certified Mail

Finally, Plaintiff requests that the Court either order "the Clerk of Courts [to] issue the Summons and Complaint via certified mail upon Defendant Chimney Solutions, LLC," or "permit . . . counsel to serve the Summons and Complaint via certified mail upon Defendant Chimney Solutions, LLC and to report to the Court the outcome of said service." (Doc. No. 12, PageID 59.) Under S.D. Ohio Civ. R. 4.2, however, Plaintiff may attempt service by certified mail in accordance with Ohio law without any action by the Clerk of Court or any order from this Court. The requested relief is therefore unwarranted and Plaintiff's requests are denied.

3

In sum, for the reasons stated, the Court **ORDERS** as follows:

1. The Court's Order to Show Cause (Doc. No. 11) is **DISCHARGED**.

2. The time limit for service under Federal Rule of Civil Procedure 4(m) is

   **EXTENDED**. Plaintiff shall perfect service on Defendants Chimney Solutions,

   LLC, Kevin Brock, and Brock Air Products, Inc. no later than **ONE**

   **HUNDRED TWENTY (120) DAYS** from the date of this Order.

3. To the extent that Plaintiff's Response constitutes a motion for service by

   certified mail, that motion is **DENIED**.

**IT IS SO ORDERED.**

                                          */s/ Caroline H. Gentry*
                                          Caroline H. Gentry
                                          United States Magistrate Judge


### Notice of Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written

objections within FOURTEEN days after being served with this Order. Pursuant to Fed.

R. Civ. P. 6(d), this period is extended to SEVENTEEN days if this Order is being

served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F).

Such objections shall specify the portions of the Order objected to and shall be

accompanied by a memorandum of law in support of the objections. If the Order is based

in whole or in part upon matters occurring of record at an oral hearing, the objecting

party shall promptly arrange for the transcription of the record, or such portions of it as

all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned

4

District Judge otherwise directs. A party may respond to another party's objections within FOURTEEN days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).